IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| TRANSCONTINENTAL REFRIGERATED LINES, INC., | : | BANKRUPTCY NO.: 5-08-bk-50578 |
| | : | |
| DEBTOR | : | |
| | : | |
| TRANSCONTINENTAL REFRIGERATED LINES, INC., by LAWRENCE V. YOUNG, ESQUIRE, LIQUIDATING AGENT, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss (#31)} |
| | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| NEW PRIME, INC.; STEPHEN P. HROBUCHAK; JANIS HROBUCHAK; NICOLE HROBUCHAK; STEPHEN HROBUCHAK; DAVID HROBUCHAK; LILY LAKE FAMILY TRUST; S&M LEASING, INC.; CHERRY MARINE, LLC; KEVIN DAVIS; JOHN DOE; ERIC KALNIS; JAMES DUGGAN; HANDLER, THAYER & DUGGAN; and HANDLER THAYER, LLP; | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00092** |

# OPINION[1]

Before the Court is a Motion to Dismiss filed by the Defendant, Handler Thayer, LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant's position is straightforward in that it asserts the Plaintiff's claims against the Defendant are based solely on the theory of successor entity liability, and the Plaintiff did not plead a single fact from which the Court can reasonably infer that Handler Thayer, LLP is a successor in interest to co-Defendant, Handler, Thayer & Duggan. The Plaintiff responds that the allegation of successor liability is one of fact as opposed to a conclusion of law in support

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

of a claim for relief, and the motion to dismiss should be denied. Throughout the 231-paragraph Complaint, the Court finds the following three paragraphs alleging the successor liability relationship between Defendant, Handler, Thayer & Duggan and Defendant, Handler Thayer, LLP;

> 59. **Defendant Handler Thayer & Duggan, LLC** ("**HTD**") is a limited liability company organized under the laws of Illinois, having a principal place of business at 191 North Wacker Drive 23rd Floor Chicago, Illinois 60606.
>
> 65. **Defendant Handler Thayer, LLP** is a professional services firm located at 191 N. Wacker Drive 23rd Floor Chicago, Illinois 60606.
>
> 66. Handler Thayer is, on information and belief, a successor entity to HTD and references to HTD should be understood to include Handler Thayer as successor entity.

Adversary Complaint filed 2/26/2010 at 8-9 (Doc. #1).

The Defendant asserts that whether there is successor liability will depend upon analysis of Illinois law because Illinois is the alleged state of formation of both Handler, Thayer & Duggan and Handler Thayer LLP. Whether there is a potential conflict of laws dispute between the application of Illinois or Pennsylvania law to the determination of successor liability was not addressed by the Plaintiff. I will not address, at this time, whether any of the exceptions apply which would impose successor liability under either Pennsylvania or Illinois law. What is ripe for adjudication is whether the several allegations of the Complaint listed above meet the Federal pleading requirements imposed by the Federal Rules of Civil Procedure.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 2 *Moore's Federal Practice*, § 12.34[1][a] at 12-73 (Matthew Bender 3d ed.) *citing* to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

*accord Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868, 884 (2009).

While the term "successor entity" is a defined term under Pennsylvania statutes (15 Pa.C.S.A. § 1992), it is premature for us to assume the term is being used in that fashion by the Plaintiff. The Plaintiff makes no such allegation. Questions remain as to the application of either Pennsylvania or Illinois law.

Categorizing Handler Thayer, LLP as a successor corporation could either be a legal conclusion with no facts alleged to support it or a bare factual allegation. In either instance, a greater development of such position is warranted so that the Defendant can adequately respond to the allegation.

I find that the instant Complaint does not provide sufficient factual matter to state a claim to relief that is plausible on its face. It is for that reason that I will grant the Motion to Dismiss filed by Handler Thayer, LLP, with leave given to Plaintiff to amend its Complaint to plead the details and specifics of Handler Thayer, LLP's genesis and its successor relationship to Handler, Thayer & Duggan.

An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: September 3, 2010