IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| TRANSCONTINENTAL REFRIGERATED LINES, INC. | : | BANKRUPTCY NO.: 5-08-bk-50578-JJT |
| | : | |
| | : | |
| DEBTOR | : | |
| | : | |
| TRANSCONTINENTAL REFRIGERATED LINES, INC. by LAWRENCE V. YOUNG, ESQUIRE, LIQUIDATING AGENT | : | {**Nature of Proceeding**: Subject Matter Jurisdiction Issue} |
| | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| NEW PRIME, INC.; STEPHEN P. HROBUCHAK; JANIS HROBUCHAK; NICOLE HROBUCHAK; STEPHEN HROBUCHAK; DAVID HROBUCHAK; LILY LAKE FAMILY TRUST; S&M LEASING, INC.; CHERRY MARINE, LLC; KEVIN DAVIS; JOHN DOE; ERIC KALNIS; JAMES DUGGAN; HANDLER, THAYER & DUGGAN; and HANDLER THAYER, LLP, | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00092-JJT** |

# <u>OPINION</u>

        The liquidating trustee under a confirmed bankruptcy plan has initiated a multi-count

litigation against a number of defendants in the hope of creating a fund for the beneficiaries of

the plan.  While the litigation has moved slowly through a number of preliminary skirmishes, I

thought best to articulate, after notice, the scope of the bankruptcy court's jurisdiction.  On my

own motion, I have summoned the parties to file briefs on the issue and they have so done.

There are two pivotal issues present here.  My first concern is the scope of my jurisdiction which

should be articulated presently in light of the holdings of *Stern v. Marshall,* 131 S.Ct. 2594, 180

L.Ed.2d 475 (2011) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106

L.Ed.2d 26 (1989). Furthermore, whatever jurisdiction the bankruptcy court may possess may very well be narrowed by the fact that this current litigation arises post-confirmation. *Binder v. Price Waterhouse & Co., LLP (In re Resorts Intern., Inc.)*, 372 F.3d 154 (3rd Cir. 2004).

The Complaint filed by the liquidating agent identifies 10 counts all arising out of prepetition activities. These counts fit into three general categories: fraud and conspiracy to commit fraud; fraudulent conveyances under § 548 of the Bankruptcy Code; and breach of fiduciary duty.[1]

When identifying the jurisdictional reach of the bankruptcy court in a post-confirmation setting, the inquiry first requires that the various counts be identified as within the jurisdictional scope of 28 U.S.C. § 1334(b), for otherwise, this Court has no jurisdiction to address the matters before it. If within that parameter, then analysis must be made whether these counts are core or non-core. The analysis is important because, if core, the district court clearly has the jurisdiction to address the issues raised even if confirmation has already occurred. *In re Seven Fields Development Corp.*, 505 F.3d 237, 265 n.26 (3rd Cir. 2007). The question would remain, though, whether the bankruptcy court, an Article I court, can adjudicate the issues.

The § 548 counts alleging fraudulent transfers clearly arise in the bankruptcy. Actions of that nature invoke substantive rights created by Title 11 and are core bankruptcy matters. *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3rd Cir. 1996). The bankruptcy court is statutorily empowered to make findings of fact and conclusions of law and to issue an order of

---

[1] COUNT I-Common Law Fraud (versus New Prime, Hrobuchak, S&M & Cherry Marine); COUNT II-Civil Conspiracy (versus New Prime, Hrobuchak, S&M, Cherry Marine, Davis, Doe, Kalnis, Duggan & HTD); COUNT III-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A) (versus New Prime); COUNT IV-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B) (versus New Prime); COUNT V-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A) (versus Hrobuchak, S&M, Lily Lake Beneficiaries, Cook Island Trust); COUNT VI-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B) (versus Hrobuchak, S&M, Lily Lake Beneficiaries, Cook Island Trust); COUNT VII-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A) (versus Cherry Marine, Hrobuchak & Mrs. Hrobuchak); COUNT VIII-Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B) (versus Cherry Marine, Hrobuchak & Mrs. Hrobuchak); COUNT IX-Professional Negligence/Malpractice (versus Kalnis, Duggan & HDR) (*This Count has been the subject of an earlier dismissal by the Plaintiff at Doc. #217*); and COUNT X-Breach of Fiduciary Duty (versus Hrobuchak & Davis).

final adjudication. 28 U.S.C. § 157(b)(1). Nevertheless, in the absence of the consent of the parties, a final decision in matters where the parties have a seventh amendment right to a trial by jury, must be adjudicated by an Article III court and not an Article I court. *Executive Benefits Insurance Agency, Inc. v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012), *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012). At least one circuit court has concluded that consent to adjudication by the bankruptcy court is not even possible and that the bankruptcy court simply cannot address the litigation. *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 665 F.3d 906, 915 (7th Cir. 2011).

Running parallel to this discussion of bankruptcy court authority to conduct a hearing on certain core matters is its standing to provide a jury trial to those parties entitled to same. *Granfinanciera,* 492 U.S. at 53 ("the question whether the Seventh Amendment permits Congress to assign its adjudication to a tribunal that does not employ juries as factfinders requires the same answer as the question whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III tribunal.")

Defendants do not forfeit their right to a trial by jury should they be so entitled, notwithstanding that these counts may be core bankruptcy matters. *Id.* at 36. *Granfinanciera* specifically concluded that fraudulent conveyance defendants retained the right to a trial by jury. *Id.* at 64. It was in response to *Granfinanciera* that Congress enacted 28 U.S.C. § 157(e) authorizing the bankruptcy court to conduct jury trials with the authorization of the district court and the consent of the parties. The district court has tacitly authorized the bankruptcy judges to conduct jury trials. Standing Order of Reference in Bankruptcy Matters, Standing Order No. 00-3 (M.D. Pa. September 11, 2000). The parties have not explicitly consented to the bankruptcy court conducting a jury trial, although presumably, the plaintiff implicitly did so by filing the Complaint in the bankruptcy court asking for a jury trial. Statutorily, the bankruptcy court cannot make proposed findings of fact and conclusions of law to the district court except in

Case 5:10-ap-00092-JJT    Doc 243    Filed 06/10/13    Entered 06/10/13 15:18:44    Desc
Main Document      Page 3 of 7

"non-core matters." 28 U.S.C. § 157(c)(1). Accordingly, should the defendants demand a jury trial and not consent to such being conducted by this bankruptcy court, then I do not appear to have the capacity to adjudicate the § 548 (core) counts, unless I assume, as in *Bellingham*, that the power to "hear and determine" cases includes the power to issue proposed findings of fact and conclusions of law. *Bellingham* 702 F.3d at 566. On the other hand, should the litigants consent to that trial being conducted by this Court, these counts could be litigated here.

As to the remaining counts, further inquiry is necessary.

Claims against others that existed prepetition are generally considered to be non-core related matters. *Beard v. Braunstein*, 914 F.2d 434 (3rd Cir. 1990). Furthermore, the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in suits at common law.[2] Should the counts articulated identify such "suits," then a jury trial is required unless waived. In our Circuit, "[a] bankruptcy court cannot conduct a jury trial in a non-core proceeding." *Id.* at 443. As our Court of Appeals explained:

> The Seventh Amendment limitations on the review of jury findings are not compatible with section 157(c)(1), which requires that any contested finding by the bankruptcy court must be reviewed de novo. By the Seventh Amendment, any fact found by a jury cannot be reviewed de novo.

*Id.*

Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding, unless perhaps, the parties agree that the bankruptcy court may enter final judgment not subject to de novo review.

If the defendants had filed a proof of claim, it is possible that such filing would be considered a submission to the equitable jurisdiction of the bankruptcy court, and a right to jury trial may no longer exist. *Granfinanciera,* 492 U.S. at 59 n.14. ("[B]y submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow

---

[2] In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate.")  Nevertheless, none of the defendants have filed proofs of claim.

The bottom line is that the bankruptcy court, absent consent, cannot conduct a jury trial in the non-core matters but can normally hear the counts and make recommended findings of fact and conclusions of law to the district court.  Should the parties waive a jury trial and consent to this bankruptcy court rendering a final decision, this Court would typically have jurisdiction to do that.  I believe that same conclusion would follow should the parties agree that this Court could issue final judgment after a jury trial.

I say typically because the confirmation of the plan in this case has altered the jurisdictional grant.

### Post-Confirmation Jurisdiction

It has been said, "confirmation of a bankruptcy plan does not divest a district court of related-to jurisdiction over pre-confirmation claims." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.,* 692 F.3d 283, 294 (3rd Cir. 2012).  As considered under the facts of this case, however, the more specific question is the extent of this Court's jurisdiction regarding a litigation initiated *after* confirmation.  More specifically, the Court's jurisdiction "wanes" after confirmation.

As indicated earlier, if the cause of action is non-core, the scope of bankruptcy jurisdiction over non-core matters narrows after confirmation so that only those matters having a close nexus to the bankruptcy plan or proceeding will qualify for bankruptcy jurisdiction.  *In re Resorts Intern., Inc.*, 372 F.3d at 166-167.  This is so because, technically, the bankruptcy estate ceases to exist after confirmation and therefore the litigation cannot "affect" the estate of the debtor.  *Id.* at 164–65.  What is referenced is the *Pacor* test of related jurisdiction which is implicated if the "outcome of [the] proceeding could conceivably have any effect on the estate

being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984). This test has been altered to address post-confirmation situations by mandating an inquiry whether the action could conceivably affect the implementation of the plan. *Nuveen Mun. Trust ex rel.,* 692 F.3d at 295. But not every case initiated by a litigation trust would meet such qualification. *In re Resorts Intern., Inc.,* 372 F.3d at 164–65, (collecting and discussing a number of postconfirmation litigations.) "[T]he essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Id.* at 166-167 *Resorts* emphasizes that not every litigation that promises to generate a fund for liquidating trust beneficiaries has a "close nexus" to the plan. ("[T]he potential to increase assets of the Litigation Trust and its beneficiaries does not necessarily create a close nexus sufficient to confer "related to" bankruptcy court jurisdiction post-confirmation.") That case suggests that a close nexus would occur where the bankruptcy court is considering the "interpretation, implementation, consummation, execution, or administration of the confirmed plan." *Id.* at 167. Post-confirmation jurisdiction is appropriate in controversies regarding United States Trustee fees *(U.S. Trustee v. Gryphon at Stone Mansion, Inc.* 166 F.3d 552 (3rd Cir. 1999)); failure to fund the plan *(Donaldson v. Bernstein,*104 F.3d 547 (3rd Cir. 1997) and *In re Shenango Group Inc.,* 501 F.3d 338 (3rd Cir. 2007)); and a court-appointed professional *(In re Seven Fields Development Corp.,* 505 F.3d 237(3rd Cir. 2007)). Exercising this jurisdiction post confirmation is not appropriate to litigate post-confirmation malpractice *(In re Resorts Intern., Inc.,* 372 F.3d at 166-167), prepetition breach of fiduciary duty *(In re Haws,* 158 B.R. 965 (Bkrtcy. S.D.Tex. 1993), cited, with approval, in *Resorts Intern., Inc.,* 372 F.3d at 168), and post-confirmation litigation against the tobacco companies for their role in contributing to asbestos-related illnesses occurring prepetition *(Falise v. American Tobacco Co.,* 241 B.R. 48 (E.D.N.Y. 1999) also cited, with approval, in *Resorts Intern., Inc.,* 372 F.3d at 167-8).

I conclude that all of the non-core, prepetition matters identified in this Complaint are no longer within the jurisdictional umbrella of this Court post confirmation. Core matters, those counts pursued under § 548 of the Code, are within this Court's jurisdictional purview. To the extent the parties waive their right to a jury trial and consent to this Court conducting such trial, this Court is capable of issuing a final judgment upon those counts. To the extent the parties do not waive their right to a jury trial but consent to me conducting such trial, I am prepared to do so and, again, render final judgment on those counts. To the extent the parties do not waive their right to a jury trial and do not consent to this Court conducting that jury trial, then I am simply incapable of further action and must dismiss those counts in the absence of the reference being withdrawn by the district court.

By the Court,

Date: June 10, 2013

_____
John J. Thomas, Bankruptcy Judge
(CMS)